# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2107
_____

Bobby Snow,                              *
                                         *
           Appellant,           *
                                         *  Appeal from the United States
    v.                                    *  District Court for the Western
                                         *   District of Arkansas
Dennis Ahne;                             *
John Shannon,                            *  [UNPUBLISHED]
                                         *
           Appellees.           *

_____

Submitted: November 6, 2002

Filed:   January 6, 2003
_____

Before HANSEN, Chief Judge, BEAM, and SMITH, Circuit Judges.
_____

PER CURIAM.

Bobby Snow appeals the district court's[1] grant of summary judgment in favor of Dennis Ahne and John Shannon in this 42 U.S.C. § 1983 civil rights case. We affirm.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

Viewed in the light most favorable to Snow, the record reveals the following facts. In 1990, Snow contracted with the New Subiaco Abbey to cut timber and thin its nearby pine forest. In 1997, Ahne, who is Snow's brother-in-law and an employee of the Arkansas Forestry Commission, advised the Abbey that Snow was "cheating" the Abbey, and furthermore, that no further timber needed to be cut. The Abbey subsequently cancelled its contract with Snow, and one week later, employed another worker to cut timber from its forest.

Snow brought this civil rights action against Ahne and his supervisor, Shannon, alleging a violation of substantive due process as a result of the "intentional interference with contract." The district court found that Snow sought only to vindicate his state claim for tortious interference with contract, and he could not avail himself of federal constitutional principles to accomplish this. Regents of the Univ. of Mich. v. Ewing, 474 U.S. 214, 229 (1985) (Powell, J., concurring) (substantive due process rights created only by the Constitution); Meis v. Gunter, 906 F.2d 364, 369 (8th Cir. 1990) (violation of state law, without more, does not create substantive due process right). Based upon this finding, the district court granted the motion for summary judgment, and dismissed the pendant state law claims without prejudice. We agree with this result.

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.